UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

J & J SPORTS PRODUCTIONS, INC.,
as Broadcast Licensee of the May 5, 2007
DeLaHoya/Mayweather Program,

                              Plaintiff,

             -vs-                                           07-CV-468-JTC

JEFFREY S. LANG, et al.,

                              Defendants.

_____


          This complaint in this action was filed on July 20, 2007 by plaintiff, J & J Sports

Productions, Inc., against defendants Jeffrey S. Lang, Andrew Pozantides, and Billy Troth,

individually and as officers, directors, shareholders and/or principals of defendant St.

James Place II Restaurant & Lounge, Inc. (d/b/a St. James Place Rest & Lounge, a/k/a St.

James Sports Bar, a/k/a St. James Place), seeking statutory damages for willful violations

of the Federal Communications Act, 47 U.S.C. § 605 (1996).  The complaint alleges that

the defendants unlawfully intercepted and exhibited the DeLaHoya/Mayweather boxing

event on May 5, 2007.

          The complaint and summons were duly served upon defendants Lang and St.

James Place II Restaurant & Lounge, Inc., on August 8, 2007 (*see* Items 3 and 4).  On

October 15, 2007, the Clerk of the Court entered default against these defendants

pursuant to Rule 55(a) of the Federal Rules of Civil Procedure for failure to plead or

otherwise appear in this action (Item 6).  Plaintiff promptly moved for default judgment

against these defendants, and submitted supporting affidavits and memoranda setting forth

legal and factual support for the relief sought by the complaint, as well as a detailed explanation of costs and fees associated with the action (*see* Item 7 and attachments).

On November 1, 2007, the court filed an order (Item 8) allowing defendants an opportunity to respond to the motion for default judgment.  A copy of the order was mailed to defendants at the address provided on the summons, but was returned to the court as undeliverable.  Subsequently an order was entered upon stipulation indicating that defendant Lang had retained counsel, and that counsel had agreed to extend the time for defendant Lang to respond to plaintiff's motion for default judgment (Item 10).  Upon expiration of the extension date, the court entered a further order granting defense counsel one further extension of time in which to file the response, until February 22, 2008 (Item 11).  No response of any kind has been filed.

Accordingly, for the reasons set forth in plaintiff's submissions, and because more than sufficient time has passed for defendants to contest the matters raised by the complaint, plaintiff's motion for default judgment is granted, and the following is ordered:

Plaintiff, J & J Sports Productions, Inc.., shall recover jointly and severally of defendants St. James Place II Restaurant & Lounge, Inc. (d/b/a St. James Place Rest & Lounge, a/k/a St. James Place, a/k/a St. James Sports Bar), and Jeffrey S. Lang, individually and as an officer, director, shareholder and/or principal of St. James Place II Restaurant & Lounge, Inc. (d/b/a St. James Place Rest & Lounge, a/k/a St. James Place, a/k/a St. James Sports Bar),

1.    pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), the sum of TEN THOUSAND DOLLARS ($10,000.00); and,

2.    pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), the sum of ONE HUNDRED

THOUSAND DOLLARS ($100,000.00), representing enhanced damages for willful violation of 47 U.S.C. § 605(a); and,

3.  pursuant to 47 U.S.C. § 605(e)(3)(B)(iii), costs and attorney fees in the amount of SIX HUNDRED TWENTY-SEVEN DOLLARS AND SIXTY-TWO CENTS ($627.62),

for a total judgment of ONE HUNDRED TEN THOUSAND SIX HUNDRED TWENTY SEVEN DOLLARS AND SIXTY-TWO CENTS ($110,627.62).

The Clerk of the Court is directed to enter final judgment in favor of plaintiff in accordance with this order, and to close the case.[1]

So ordered.

\s\ John T. Curtin
_____
JOHN T. CURTIN
United States District Judge

Dated:  July 22 , 2008
p:\pending\2007\07-468.jul17.08

---

[1]Plaintiff has also requested relief pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, which allows the court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties . . . if the court expressly determines that there is no just reason for delay."  Fed. R. Civ. P. 54(b). However, upon review of the record, it is apparent to the court that this relief is unnecessary here, where service was not timely made upon the remaining individual defendants, *see* Fed. R. Civ. P. 4(m) (providing 120-day time limit for service), and the entry of default judgment provides the full measure of relief sought by the complaint.